IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRUSTEES OF THE IOWA IRON WORKERS HEAVY HIGHWAY DEFINED BENEFIT PENSION FUND; <br><br>TRUSTEES OF THE IRON WORKERS HEAVY HIGHWAY DEFINED CONTRIBUTION PLAN; <br><br>TRUSTEES OF THE NORTHEAST IOWA IRONWORKERS LOCAL 89 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST; <br><br>Plaintiffs, <br><br>vs. <br><br>CALACCI CONSTRUCTION CO., INC.; <br><br>MPCC, LLC, D/B/A INTERSTATE REINFORCING STEEL; <br><br>Defendants. | Case No. |

## COMPLAINT

COME NOW the Plaintiffs, the TRUSTEES OF THE IOWA IRON WORKERS HEAVY HIGHWAY DEFINED BENEFIT PENSION FUND; the TRUSTEES OF THE IRON WORKERS HEAVY HIGHWAY DEFINED CONTRIBUTION PLAN; and the TRUSTEES OF THE NORTHEAST IOWA IRONWORKERS LOCAL 89 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST (collectively, the "Plaintiffs" or "Funds"), and herewith file their complaint for money damages and other equitable relief from the Defendants CALACCI CONSTRUCTION CO., INC. (hereinafter "CCC"); and, MPCC, LLC d/b/a INTERSTATE

1

REINFORCING STEEL (hereinafter "IRS") (collectively, the "Defendants"), and state to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

### PARTIES

1. The Plaintiffs are people, all of whom are Trustees of their respective Funds.

2. The Funds are "employee benefit plans" within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and are "multiemployer plans" within the meaning of ERISA § 3(37), 29 U.S.C. § 1002(37).

3. The Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the Funds and in their capacity as Fund fiduciaries.

4. IOWA IRON WORKERS HEAVY HIGHWAY DEFINED BENEFIT PENSION FUND and the IRON WORKERS HEAVY HIGHWAY DEFINED CONTRIBUTION PLAN are administered by Benefits Management Group, Inc. in Cedar Rapids, Linn County, Iowa 52401.

5. THE NORTHEAST IOWA IRONWORKERS LOCAL 89 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST is located in Cedar Rapids, Linn County, Iowa 52404.

6. Defendant CCC is an Iowa corporation doing business within this District and maintaining offices at 2881 Independence Road, Iowa City, Johnson County, Iowa 52240.

7. Defendant IRS is an Iowa limited liability company doing business within this District and maintaining offices at 2881 Independence Road, Iowa City, Johnson County, Iowa 52240.

## JURISDICTION

8. This is an action brought by the Plaintiff Trustees of each of the named Funds, in their capacities as fiduciaries to their respective Funds, to enforce the obligations imposed upon the Defendants CCC and IRS pursuant to the provisions of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. As such, this action arises under the laws of the United States, specifically Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

## VENUE

9. Venue is conferred on this court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), on the basis that Plaintiff Funds are administered in this federal judicial district.

## **COUNT I**

### FAILURE TO PAY EMPLOYEE BENEFIT CONTRIBUTIONS

### (AGAINST CALACCI CONSTRUCTION CO., INC.)

10. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 9 above, as if fully stated herein.

11. Defendant CCC agreed to abide by the Collective Bargaining Agreement (hereinafter "Agreement") with Local Union No. 89 of the International Association of Bridge, Structural and Ornamental and Reinforcing Ironworkers (hereinafter "Ironworkers Local No. 89"), and the terms of the Trust Agreements of the Funds.

12. Upon information and belief, while conducting its business, Defendant CCC employed persons represented by the Ironworkers Local No. 89.

13. Defendant CCC agreed to be bound by the aforesaid Agreement, which required Defendant CCC to pay to the Funds contributions based on each hour of work performed by CCC's

employees covered by the Agreement and that CCC submit related reports monthly to the Plaintiff Funds pursuant to the Agreement and Trust Agreements governing said Funds.

14. Defendant CCC has submitted monthly reports for May 2019, June 2019, July 2019, listing the hours worked by its employees covered by the Agreement, but has failed to submit remittance reports in other months.

15. Defendant CCC has failed to pay all or a portion of contributions due for monthly reports for May 2019, October 2019, November 2019 and February 2020 on the hours worked by Defendant CCC's employees covered by the Agreement.

16. An audit of Defendant CCC's records shows delinquent contributions for May 2019 through February of 2020 in the following amounts:

   a. $2,447.70 owed to the Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund;

   b. $1,194.00 owed to the Iron Workers Heavy Highway Defined Contribution Plan; and,

   c. $289.55 owed to the Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust.

17. Because of Defendant CCC's failure to timely make the full payments for contributions required for May 2019 through the filing of this action, penalties are accruing pursuant to the Agreement and Trust Agreements in favor of the Plaintiff Funds and will continue to accrue until the contributions are paid in full.

18. As of February 2020, penalties have been calculated as follows:

a. $489.54 owed to the Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund (plus the unpaid contributions as set forth above equals a total amount due of **$2,937.24**);

b. $238.80 owed to the Iron Workers Heavy Highway Defined Contribution Plan (plus the unpaid contributions as set forth above equals a total amount due of **$1,432.80**); and,

c. $57.91 owed to the Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust (plus the unpaid contributions as set forth above equals a total amount due of **$347.46**).

19. As a result of the Defendant CCC's failure to comply with its obligations to pay its rightful contributions and penalties under the terms of the Agreement, the Plaintiffs have been required to employ counsel in order to enforce such obligations.

20. Plaintiffs have brought this action in order to fulfill the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

21. Pursuant to 29 U.S.C. §1132(g), the Agreement and Trust Agreements, CCC is required to pay, in addition to the amounts determined to be due, liquidated damages, interest, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

22. Plaintiffs have been and are incurring attorneys' fees as a direct result of Defendant CCC's failure to comply with its obligation to pay its rightful contributions under the terms of the Agreement.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

5

23. The Plaintiff Funds pray for judgment in the total amounts owed to them from Defendant CCC pursuant to the aforementioned Agreement as determined by the aforementioned audit which would consist of the following:

   a. For the total amount owed to the Plaintiff Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund for the Defendant CCC's unpaid contributions of **$2,937.24**, as well as any additional unpaid contributions accrued after February of 2020 and that may accrue during the pendency of these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

   b. For the total amount owed to the Plaintiff Iron Workers Heavy Highway Defined Contribution Plan for the Defendant CCC's unpaid contributions of **$1,432.80**, as well as any additional unpaid contributions accrued after February of 2020 and that may accrue during the pendency of these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

   c. For the total amount owed to the Plaintiff Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust for the Defendant CCC's unpaid contributions of **$347.46** as well as any additional unpaid contributions accrued after February of 2020 and that may accrue during the pendency of

these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

24. For interest accrued at two percent per month on the unpaid balance amounts set out above totaling **$1,297.12** as of January 1, 2021 and interest accrued thereafter during the pendency of these proceedings;

25. For the costs of filing and prosecuting this action [ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)];

26. For attorneys' fees and costs incurred by these Plaintiffs' counsel in the bringing of this action [ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)]; and,

27. For such other legal or equitable relief as this Court deems appropriate, including, but not limited to, judgment for any contributions, liquidated damages, penalties, and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory penalties thereon under ERISA subject only to credits and payments made by Defendant upon the aforesaid obligations.

## COUNT II

### FAILURE TO PAY EMPLOYEE BENEFIT CONTRIBUTIONS

### (AGAINST MPCC, LLC D/B/A INTERSTATE REINFORCING STEEL)

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 above, as if fully stated herein.

29. Defendant IRS agreed to abide by the Agreement with Ironworkers Local No. 89, and the terms of the Trust Agreements of the Funds.

30. Upon information and belief, while conducting its business, Defendant IRS employed persons represented by the Ironworkers Local No. 89.

31. Defendant IRS agreed to be bound by the aforesaid Agreement, which required Defendant IRS to pay the Funds contributions based on each hour of work performed by IRS's employees covered by the Agreement and that IRS submit related reports to the Plaintiff Funds pursuant to the plan documents governing said Funds.

32. Defendant IRS has submitted monthly reports for May 2019, June 2019, July 2019, listing the hours worked by its employees covered by the Agreement, but has failed to submit reports required in other months.

33. Defendant IRS made an overpayment of contributions in May of 2019, but has failed to pay all or a portion of contributions due for monthly reports for August 2019, September 2019 and October 2019 on the hours worked by Defendant IRS's employees covered by the Agreement.

34. An audit of Defendant IRS's records for August, 2019, September 2019 and October 2019 shows delinquent contributions in the following amounts:

   a. $4,169.70 owed to the Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund;

   b. $2,034.00 owed to the Iron Workers Heavy Highway Defined Contribution Plan; and

   c. $493.25 owed to the Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust.

35. Because of Defendant IRS's failure to timely make the full payments for contributions required for August 2019, September 2019 and October 2019, penalties are accruing

in favor of the Plaintiff Funds, and will continue to accrue until the contributions are paid in full. As of the date of filing this complaint, penalties have been calculated as follows:

   a. $833.94 owed to the Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund (plus the unpaid contributions as set forth above equals a total amount due of **$5,003.64**);

   b. $406.80 owed to the Iron Workers Heavy Highway Defined Contribution Plan (plus the unpaid contributions as set forth above equals a total amount due of **$2,440.80**); and,

   c. $98.65 owed to the Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust (plus the unpaid contributions as set forth above equals a total amount due of **591.90**).

36. As a result of Defendant IRS's failure to comply with its obligations to pay its rightful contributions and penalties under the terms of the Agreement, the Plaintiffs have been required to employ counsel in order to enforce such obligations.

37. Defendant IRS has failed to submit monthly reports and pay the contributions due for May 2019 through the filing of this action.

38. Plaintiffs have brought this action in order to fulfill the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

39. Plaintiffs have been and are incurring attorneys' fees as a direct result of Defendant IRS's failure to comply with its obligation to pay its rightful contributions under the terms of the Agreement.

40. Pursuant to 29 U.S.C. §1132(g), the Agreement and Trust Agreements, IRS is required to pay, in addition to the amounts determined to be due, liquidated damages, interest,

reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

41. The Plaintiff Funds pray for judgment in the total amounts owed to them from Defendant IRS pursuant to the aforementioned Agreement as determined by the aforementioned audit and reports filed by IRS which would consist of the following:

   a. For the total amount owed to Plaintiff Iowa Iron Workers Heavy Highway Defined Benefit Pension Fund for the Defendant IRS's unpaid contributions of **$3,384.14** ($5,003.64 less a credit of $1,619.50 for the May 2019 overpayment) as well as any additional unpaid contributions that may accrue during the pendency of these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

   b. For the total amount owed to the Plaintiff Iron Workers Heavy Highway Defined Contribution Plan for the Defendant IRS's unpaid contributions of **$1,650.80 (**$2,440.80 less a credit of $790.00 for the May 2019 overpayment) as well as any additional unpaid contributions that may accrue during the pendency of these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

c. For the total amount owed to the Plaintiff Northeast Iowa Ironworkers Local 89 Joint Apprenticeship Training Committee Trust for the Defendant IRS's unpaid contributions of **$400.32** ($591.90 less a credit of $191.58 for the May 2019 overpayment. as well as any additional unpaid contributions that may accrue during the pendency of these proceedings [ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)], together with penalties and liquidated damages thereon until paid in full [ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C)] and interest as provided by law [ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B)].

42. For interest accrued at two percent per month on the unpaid balance amounts set out above totaling **$2,511.65** as of January 1, 2021 and interest accrued thereafter during the pendency of these proceedings;

43. For the costs of filing and prosecuting this action [ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)];

44. For attorneys' fees and costs incurred by Plaintiffs' counsel in the bringing of this action [ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)];

45. For such other legal or equitable relief as this Court deems appropriate, including, but not limited to, judgment for any contributions, liquidated damages, penalties, and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory penalties thereon under ERISA subject only to credits and payments made by Defendant IRS upon the aforesaid obligations.

# COUNT III

## PRIMA FACIE TORT

## (AGAINST CALACCI CONSTRUCTION CO., INC and MPCC, LLC D/B/A INTERSTATE REINFORCING STEEL)

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 above, as if fully stated herein.

47. The failure to properly make contributions to Plaintiffs by Defendants was unlawful and intentional.

48. Defendants have previously been found liable of failing to make contributions to the Plaintiffs timely in this Court and repeatedly refuse to comply with their obligations under the Agreement. (*See* Case No. 1:19-cv-00066).

49. In failing to make proper contributions, Defendants intended to injure Plaintiffs and their members.

50. As a direct and proximate cause of those acts, Plaintiffs have in fact sustained injury in to form of, among others, monetary damages and additional fees incurred in attempting to collect the delinquent contributions, including fees paid to legal counsel to pursue collection efforts.

51. The acts of Defendants set forth herein were done with an absence of justification or with an insufficient justification.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

52. The Plaintiff Funds pray for judgment jointly and severally against Calacci Construction Co., Inc. and MPCC, LLC, d/b/a Interstate Reinforcing Steel for the amount of fees and costs incurred by the Plaintiffs Funds to collect the outstanding contributions prior to the

initiation of this matter, as well as interest thereon and such further relief as the Court deems appropriate and/or necessary.

>Respectfully Submitted,
>
>/s/ Jennifer E. Germaine
>Jennifer E. Germaine
>Germaine Law Firm, PLLC
>600 3rd Street SE, Suite 200
>Cedar Rapids, Iowa 52401
>Telephone: (319) 449-6969
>Fax: (319) 450-0667
>Email: jennifer@germainelawfirm.com
>       kate@germainelawfirm.com
>ATTORNEYS FOR PLAINTIFF